MATTER OF ADALATKHAH

In Deportation Proceedings

A-21096715

*Decided by Board June 12, 1980*

Alien married to a United States citizen, but not living with his spouse, is nevertheless an "immediate relative" within the exception to section 245(c)(2) of the Immigration and Nationality Act, 8 U.S.C. 1255(c)(2); and is not prohibited from filing an application for adjustment of status despite unauthorized employment after January 1, 1977.

CHARGE:
  Order:  Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—
                remained longer than authorized

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
  Jan M. Pederson, Esquire                      Timothy J. O'Leary
  Cramer, Visser, Lipsen & Smith                Trial Attorney
  475 L'Enfant Plaza, S.W.
  Suite 4100
  Washington, D.C. 20024

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

On January 24, 1980, the immigration judge found the respondent deportable as charged and granted his application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255. The Service has appealed. The appeal will be dismissed.

The respondent is a native and citizen of Iran who entered the United States at New York, New York, on March 15, 1971, as a nonimmigrant student authorized to remain until March 1, 1975. At a deportation hearing on October 21, 1977, he conceded deportability as charged for having remained in the United States longer than authorized as defined under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2) (Tr. p. 1). We find that deportability has been established by clear, convincing, and unequivocal evidence as required by *Woodby* v. *INS*, 385 U.S. 276 (1966), and 8 C.F.R. 242.1(a).

The only issue on appeal is the respondent's eligibility for adjustment of status. The Immigration and Naturalization Service contends that the respondent is precluded from adjustment of status by section

245(c)(2) of the Act, that excludes from adjustment aliens who engage in unauthorized employment after January 1, 1977, unless they are immediate relatives of United States citizens as defined under section 201(b) of the Act, 8 U.S.C. 1151(b). The respondent has been married to a United States citizen since February 21, 1975 (Tr. p. 3). The couple separated 3 months later, but resided together for brief intervals thereafter until July 1977, when she left him without coming back (Tr. pp. 4-7). There is no evidence that she divorced him or otherwise terminated their marriage.

On appeal, the Service contends that the respondent cannot be considered an "immediate relative" exempt from the section 245(c)(2) adjustment preclusion because he has not had a viable marriage since 1977. It contends that Congress did not intend to exempt from the 245(c)(2) preclusion adjustment applicants who are "technically immediate relatives but who, in fact, have no existing family unit which needs extraordinary protection." The Service cites no supporting authority for its assertion regarding congressional intent.

The preclusion provision in section 245(c)(2) was part of the 1976 Amendments to the Act. P.L. 94-571, 90 Stat. 2703. The discussion of the legislative intent behind the adjustment preclusion for aliens who work without authorization does not evince a congressional intent to also preclude from adjustment aliens who are merely "technically immediate relatives," as the Service contends. It merely states that "aliens *who are not defined as immediate relatives* and who accept unauthorized employment prior to filing their adjustment application would be ineligible." H. Rep. No. 94-1553, 94th Cong. 2d Sess. 12, *reprinted in* 1976 U.S. Code Cong. and Ad. News 6084.

The issue of separation and marriage viability in an adjustment of status application has previously been addressed by the courts and this Board in the context of spousal visa petitions underlying the application. In *Dabaghian v. Civiletti,* 607 F.2d 868 (9 Cir. 1979), the Court concluded that marriage nonviability would not affect eligibility for adjustment of status as the beneficiary of an immediate relative visa petition unless the marriage was a sham or fraudulent. *Id.* at 871. However, in *Menezes v. INS,* 601 F.2d 1028 (9 Cir. 1979), the Court concluded that marriage nonviability and separations could be negative factors warranting the denial of an adjustment application as a matter of discretion. In *Chan v. Bell,* 464 F. Supp. 125 (D.D.C. 1978), the court also concluded that absent evidence that a marriage was a sham in its inception or entered into for the purpose of evading the immigration laws, the Service could not deny a spousal visa petition merely because the parties were no longer together. Finally, in *Matter of McKee,* Interim Decision 2782 (BIA 1980), we adopted the position of the *Dabaghian* and *Chan* opinions and concluded that separation of the

parties to a marriage in and of itself was no longer a valid basis for denial of a visa petition, as it was merely a relevant factor in ascertaining the parties' intent at the time of the marriage.

On the issue of adjustment preclusion pursuant to section 245(c)(2), we reach a similar conclusion. It is clear that the congressional intent refers exclusively to meeting the definition of "immediate relative" in the statute. There is no evidence of fraud in the respondent's marriage. In addition to being eligible for adjustment of status, there is also no important reason to deny the application in the exercise of discretion. *See Matter of Arai,* 13 I&N Dec. 494 (BIA 1970).

After carefully considering the Service's argument, we do not find a legal basis to extend the preclusion provision of section 245(c)(2) to immediate relative spouses whose marriages are nonviable. Such an extension is unwarranted by congressional intent and runs counter to the recent interpretations by the courts and this Board of who can be classified as an immediate relative. Therefore, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.